We'll hear argument next in Case 14-185, Mata v. Lynch. Mr. Fleming. Mr. Chief Justice, and may it please the Court. The Court has been offered two ways to approach this case, a short way and a long way. We believe we prevail under both, and I will address both. But I would start with the short way, which we think is the right way. This is a case about appellate jurisdiction. You know the way to our hearts. I'm trying to please, Justice Kennedy. This is a case about appellate jurisdiction, and specifically whether Congress has given the courts of appeals jurisdiction to review the denial of a motion to reopen that would be timely through the application of equitable tolling. And that question is answered by Section 1252 of the INA, which creates jurisdiction over denials of motion to reopen, as the Court confirmed in Kuchana, and it makes no distinction based on the grounds of the denial of the motion to reopen. In this case, the Board denied Mr. Mata's motion as untimely. It ruled that equitable tolling was generally available, but that Mr. Mata was not entitled to it, because it erroneously believed that his misdemeanor assault conviction qualified as a crime involving moral turpitude. That legal error was reviewable. It would have been reviewed in any other circuit. It should have been reviewed here, and the government agrees. And Mr. Peterson, as amicus, does not mount any argument that that denial somehow does not fall within the jurisdictional grant of Section 1252. Ginsburg's question, why, on the surface, he beats up his girlfriend, why that is not a crime involving moral turpitude, because I had thought that the rest of this is academic if the bottom line is he's committed a crime of moral turpitude. First of all, that is a question that the Fifth Circuit did not reach and we submit should have reached. But to answer the question, the BIA has a very developed jurisprudence regarding when assault crimes qualify as crimes involving moral turpitude, and it involves consideration of a number of factors. It involves not only the level of injury that was either intended or caused, but also the level of intent. And as the level of intent that is chargeable under the offense decreases from intentionality to, say, recklessness, then the level of bodily injury that is required has to concomitantly increase in order for it to constitute moral turpitude. In Texas, the simple assault statute that Mr. Mata pled guilty under is not an aggravated assault statute. It can be charged based only on bodily injury, and that is defined in a purposefully broad way, as the Texas Court of Appeals has stated, to include even injury caused by relatively minor physical contact. So simple assault that can be charged under that provision is not turpitudinous, and that's what the board should have ruled, and that was the argument that was presented to the Fifth Circuit, but the Fifth Circuit determined that it did not have jurisdiction to decide. That is the issue we've asked this Court to review. Of course, it does not need to go into the turpitudinous or not quality of the offense under Section 2201a1 of the Texas Penal Code. Because this is a jurisdictional question, there is no need to go further to the issues that Mr. Peterson is raising regarding whether there is equitable tolling as a matter of merits under the INA. We don't think it's necessary. We think the Fifth Circuit can address that, if appropriate, if it chooses to, on remand. Ginsburg. Ginsburg. Wouldn't the Fifth Circuit need to be – I mean, the Fifth Circuit view was no equitable tolling, period. This statute says 90 days. It has a couple of exceptions, and that's it. So if we simply say you have jurisdiction, the answer would likely be, fine, you told us we have a jurisdiction. We think this limitation period has no give, end of case. Justice Ginsburg, we don't think that's what the Fifth Circuit did in this case or in any other. In this case, the Court specifically disavowed any ruling on the merits of the equitable tolling claim. It simply dismissed the petition for lack of jurisdiction. Notably, the BIA in 2012, in a case called Chavez-Guzman, which we cite in our reply, recognized that the Fifth Circuit has not addressed in a published decision whether the motion time limitations may be equitably tolled in cases claiming inefficiencies of the counsel. Scalia Why did the Fifth Circuit treat this, therefore, as a request that it review the sua sponte extension granted below? Why wouldn't it have done that if it thought that, in fact, there was some argument about whether they could appeal the denial of extension in law, as opposed to in the sua sponte discretion of the agency? It's – there are two stages to the answer, Justice Scalia, and it's regrettable that the decisions at issue from the Fifth Circuit do not – they have conclusory  First of all, you have the unpublished decisions, which say that the circuit will construe a request for equitable tolling as a request for sua sponte reopening. Scalia Why? Why would one do that? So my best reading of them, and again, the reasoning is sparse, they say that in their view equitable tolling is not a basis for filing a motion after 90 days. Now, because they have not stated that. Scalia Which means there's no equitable tolling. Now, that's not something that they've ever adopted in a published decision. I think one reading of that, and this is the reading the government, I think, endorses or at the very least there's a dispute about it, is that the Fifth Circuit was saying the statute and the regulations on their terms do not use the words equitable tolling. That, of course, does not resolve the fundamental question whether as a matter of statutory interpretation or as a matter of administrative authority equitable tolling can be applied. But I want to be clear. We do not fear this question at all. And if the Court wishes to reach the merits issues that Mr. Peterson has put before the Court, we are happy to fight on that ground. We simply want it to be plain that we didn't present the jurisdictional question as including a merits question. If the Court thinks it needs to be decided, then the Court has the briefing and is prepared to talk about it. Scalia Do you acknowledge that if you view this as the Fifth Circuit viewed it, as a request to review the sua sponte extension granted by the agency, that the Fifth Circuit would have had no jurisdiction over that? No, we do not, Justice Scalia, and I just want to be clear of the context in which I answer that question. That requires a lot of steps before the Court even gets to that. First of all, it not only requires getting to the merits issues, it requires rejecting our primary contention on the merits, which is that as a matter of statutory interpretation, this is tollable. It requires rejecting the government's position that at the very least the statute does not prohibit the Board from implementing the 90-day time limit by using equitable tolling. And if you get to that point, such that you are in a through-the-looking-glass world where the Board was in fact not doing what it thought it was doing, namely exercising authority under the statute, but instead exercising regulatory sua sponte authority, then you get to the question, are there judicially manageable standards to review what the Board in fact did in this case? And there clearly are. They have been reviewed in every other circuit when there is a request for equitable tolling based on ineffective assistance of counsel. The equitable tolling standards are well settled under this Court's decision in Pace v. DiGuglielmo. The ineffective assistance standards are well settled by the Board's own Lozada decision. Now, it may well be that there are other situations where the Board simply says request denied, and that may be a situation where jurisdiction would be in doubt. But if you are talking about a case like this one, where the Board writes an opinion that says here are the standards we are applying, and we believe that the Petitioner is ineligible for equitable tolling because his conviction is for a crime involving moral turpitude, that is a legal question that is reviewable regardless of how you caption the authority under which the Board is acting. Sotomayor, I've forgotten, but is there a circuit split on that, on the sua sponte review? There is no circuit split as such, because every other circuit believes, as we think is correct, that this kind of decision is reviewable as a matter of statutory authority. And that's what the Board is doing. That's what the Board itself thinks it's doing. So every other circuit to have decided the issue does say it has jurisdiction to review this kind of decision. Ginsburg, then how do we make it clear to the Fifth Circuit, we say Fifth Circuit, you have jurisdiction. They say fine. We said before and we say again that this statute is not susceptible to equitable tolling. And then we are right back where we are. If that is in fact what the Fifth Circuit does, then it may well be, because then there would be a clear circuit split on the merits question of the availability of equitable tolling. I would hold out hope that the Fifth Circuit would not create that circuit split, that when disabused of the belief that it lacks jurisdiction, it would then engage in the analysis that we and the government believe it should engage in and find that, like every other circuit to have addressed the issue, there is in fact equitable tolling available and would address Mr. Mata's request for it on the merits. Ginsburg, well, it knew at the time it rendered its decision that the other circuits were taking a different position on whether the 90-day period was susceptible to extension. It did, Your Honor. The panel felt itself bound by prior precedent on the jurisdictional question. This is why I don't think fundamentally that it reached a decision in this case or in any published opinion on the merits. Scalia I'm not sure. Did the First Circuit say it has no jurisdiction to review the statutory question? I thought all it did was since there is no tolling under the statute, we are going to interpret this as a sua sponte thing. And the only question before them is whether that sua sponte thing conferred jurisdiction or not. Isn't that what happened? I don't think so, Justice Scalia. I think if that had happened, if that was really what the Fifth Circuit meant to do, then it should have assumed jurisdiction over our request for statutory tolling. It should have denied the petition to that extent, and then it could have dismissed the request for sua sponte reopening. But it didn't do that. It dismissed the entire thing for lack of jurisdiction, which is why we think there is no merits ruling here that the Court needs to reach. Again, however, I say that if the Court wishes to reach it, we believe the answer is clear and correct under this Court's precedence that the 90-day time limit is a statute of limitations and that it should be – there is no reason to think that the presumption of tolling either doesn't apply or has been rebutted. Roberts Where is Mr. Mata at this point? He's at home with his family. His order has been made. Roberts You don't mind if this goes back to the Fifth Circuit? This should go back to the Fifth Circuit, and the question is simply that Mr. Peterson has raised is, what does it go back with? Does it go back solely with directions that the Court has jurisdiction and everything else should be addressed by the Fifth Circuit in the first instance? Or does it go back with a decision that, in addition to there being jurisdiction, there is also equitable tolling, and then the Fifth Circuit can address the question on the merits? Roberts Thank you, counsel. Mr. Yang, Mr. Chief Justice, and may it please the Court. The court of appeals here rested its decision on a basic and fundamental error of administrative law. Rather than review the Board's decision on its own terms, the court of appeals recharacterized the question before it into a different question over which it lacked jurisdiction. That course is inconsistent with the Chenery Rule, which, since even before the APA, required that judicial review of agency action be based on the rationale adopted by the agency. Scalia The way you put it causes me to believe that you agreed that the Fifth Circuit would have had no jurisdiction. Roberts We agree. Scalia If, indeed, it was the sua sponte action that they were reviewing. Roberts That's right. We disagree with the Petitioner on this point. Scalia On that point. Roberts But we don't think it affects the disposition here. Also, I would note that every single court of appeals with jurisdiction over immigration cases agrees with our position. There is no circuit split because it's unanimous in our favor. Kagan And, Mr. Yang, could you point me to the place in the Board's decision that you think makes clear what the Board was doing? Because as I looked at the Board's decision, honestly, I found it a little bit difficult to tell whether the Board was denying it on statutory grounds or on sua sponte grounds. Yang I agree with you that the Board's decision could be a little bit more clear. Some background is helpful. This is a question of equitable tolling for ineffective assistance of counsel. That's the claim. And so that claim embodies at least four requirements. One, you have to have normal equitable tolling satisfied. You have to also show ineffective assistance. And that has subparts, including prejudice from the ineffective assistance, and you have to show that you've met the requirements of the Lozada decision, which has certain procedural showings that have to be made. Now, in order to get to equitable tolling, you therefore have to show prejudice. And if you look at Petition Appendix 7, after talking about Lozada in the first full paragraph, in the second paragraph, they say, you know, in Lozada, there is no prejudice. In Petition Appendix 7, Lozada, although the resulting summary, there was a summary dismissal of the appeal, did not amount to a deprivation of due process and was not prejudicial. And then with respect to prejudice, they explain on two bases the decision here, or the alleged ineffective assistance was not prejudicial. One, because it was not a crime of moral – there was a crime of moral turpitude, which precluded relief. And two, the alien failed to submit at the motion to reopen stage evidence showing that there was exceptional and extremely unusual hardship. All of that goes to prejudice, which goes to the tolling question. And the predicate, of course, was the statement earlier that the time for filing a motion to reopen may be tolled in cases in ineffective assistance of counsel. But then they were just focusing on the second. So the way that we read the Board, which I think is the way the Board has decided these cases generally, is that the questions of ineffective assistance and equitable tolling here are kind of mixed, and the Board's decision addressed the prejudiced prong of that – of those requirements. And hence— Breyer, I somehow have the impression, I don't know, that the AG is going to have some kind of rulemaking relevant to this? There is pending rulemaking, as we noted in our brief. There is a notice of proposed rulemaking that the Department has submitted to OMB that is expected to, you know, hopefully go forward. Breyer, rulemaking has to do with the existence or nonexistence of equitable tolling under this provision? The rulemaking, of course, is not public, but what I can tell you is that the – in the Compion decision, the Attorney General addressed generally questions of ineffective assistance of counsel. One of the components of that was equitable tolling of the deadline for ineffective assistance. It would be logical to assume that because the Compion – that Compion ruling was vacated in favor of the rulemaking, the rulemaking scope could be similar to the Attorney General's decision. So on that assumption, that would, as I understand it, give the Fifth Circuit something new to think about in addressing this question, is that right? It certainly would, and it would also have the benefit on remand of the government's clear view that there is equitable tolling here, although not applicable to this alien, but just generally equitable tolling is available as all the courts of appeals have decided. And as we noted in our brief, we don't think the Fifth Circuit is precluded even at the panel level from reaching that decision. Ginsburg-McCarthy With the Fifth Circuit, with this rulemaking, you can't tell us what it is at this stage, this early stage. Would it be available? Will they have a rule? Should we remand this case to the Fifth Circuit? I think it's unlikely there's going to be a final rule by the time this Court's decision is issued. The unified agenda projects a notice of proposed rulemaking being issued late this year, and then the notice and comment period would have to elapse and we'd have to get to a final rule. So I don't think by the time June rolls around we'll get to a final rule. Kagan I'm sorry, but there would be an NPR when? Late this calendar year? Waxman Late this calendar year. That's what the unified agenda projects. So, but again, I don't think sending this case back on the very basic point that the Fifth Circuit can't sidestep its obligation to review a motion to reopen it by characterizing it as something that it's not would wipe the slate clean. The Fifth Circuit in its first, in an earlier unpublished decision, in fact found that there was equitable tolling and reversed the board to apply equitable tolling, only later did it change course without any reasoning and assert, again, with zero reasoning, that there was not equitable tolling and then adopted this construal rule. But the construal rule itself is just fundamentally into the teeth of the Chenery Doctrine, and had the court of appeals recognized that what it had to review was the denial of the aliens' motion to reopen, it would have had jurisdiction. And it doesn't matter, you know, amicus has tried to, I think artfully tried to recharacterize this jurisdictional question into a question of the merits. But the answer to the merits doesn't affect the jurisdiction. If you were to assume, as the amicus has argued, that there is no equitable tolling in this context because the statute precludes it, that would not be a jurisdictional problem. What it would mean is that the court of appeals would simply affirm the board on the merits, that is, affirm the board's denial of a motion to reopen, because there can be no equitable tolling. Again, we come back to the – this case is a very simple case. It's an appropriate case to end the term on. It's quick. It's easy. The court of appeals should have simply done what courts of appeals do all the time when they are conducting agency review, a review of agency action. That is, review the action before it and not recharacterize it into something that it's not. Roberts Well, to be fair to the Fifth Circuit, I mean, I can't put myself in their mind, but I think they may well have been trying to give Mr. Mata the benefit of the doubt or give him every chance. I mean, they say it's equitable tolling, but, you know, you're not going to get equitable tolling, so that's no relief. And since you can't get it, maybe you're trying to get something else. And so we'll look at whether you get something else. And too bad, it turns out you don't get that either. But I won't speculate what the court of appeals' motivations might have been for its ruling, but the ruling itself, again, is just fundamentally into the teeth of Chenery. It's true that when courts are addressing a pleading that's filed before the court itself, the court can say, well, I'm going to read this generously. They do this in certain contexts. But when you're conducting a review of agency action, the rule that has always existed in the modern A.P.A. era has been, you look to what the agency has done. And when you look to what the agency has done here, it addressed and rejected the alien's motion to reopen.  Kagan. Kagan. Kagan. But just to try to be a little bit generous to the Fifth Circuit again, I mean, I started off by saying I found it a little bit hard to tell what the agency was doing. And you presented a very good explanation. But it's an explanation that actually requires some background knowledge, and I'm not sure that they would have gotten that from just looking at the face of the Fifth. And I don't mean to fault the Fifth Circuit. I mean, you can't really generate, can't really operate very well if you can't figure it out. Well, that's true. But that is true. But the answer then is always to remand. If you can't discern what the course of the agency's decision is, the other established rule is your remand. And, you know, this is not an unfamiliar question to the courts. Generally, if you can discern, even if it's in a cryptic way, what the alien's path or, excuse me, the agency's path in an agency decision, you review that. Ginsburg. Is it true that the agency, the BIA, has a number of times recognized the existence of equitable tolling of this 90-day period, but has never done so in a precedential? That is correct. That is correct. There is no precedential opinion. There was, of course, the Attorney General's opinion in Compion which addressed both the standards for ineffective assistance claims as well as the application of equitable tolling for cases involving ineffective assistance. So the AG made that ruling, and it's a way that's consistent with, I think, the what we've articulated in the brief, that was vacated in lieu of what we will now have, which is a rulemaking process to address the questions. So there is no precedent, although the Attorney General has briefly spoken on the issue. If there's no further questions, I'm going to. Roberts Thank you, counsel. Peterson. Mr. Chief Justice, and may it please the Court. We agree with the government that orders denying statutory motions to reopen are reviewable in the courts of appeals, and we agree with the government that orders of the board denying invitations for the board to reopen, sua sponte, are not reviewable in the courts of appeals because they are committed to agency discretion by law. Where we part ways with the government is on how you distinguish between the two of them. And we offer what we think is the easiest test, which is the timeliness. If an alien asks the board to reopen within the statutory deadline, within the 90 days, he has a right to reopening that is reviewable under Cucciana if the board denies it. On the other hand, if the alien requests reopening after the expiration of the 90-day statutory period, the board is not obligated to grant reopening in those circumstances. The board could grant reopening only through its exercise of its sua sponte authority, and as a result, that decision is wholly in the board's discretion. Now, the government turns to Chenery to suggest a rule that courts must always characterize agency decisions in precisely the way that agencies did. This Court, we think, rejected that argument in Brotherhood of Locomotive Engineers, where it explained that Chenery has nothing whatever to do with whether agency action is reviewable. So we see Brotherhood as a remarkably analogous case. There, the request being made of the commission was to reconsider a previous decision. And the Court distinguished between two types of ways that a party could ask the commission to change one of its earlier decisions. It could file a motion for reconsideration, simply suggesting that the law was wrong, the earlier decision was simply incorrect on the same record. The Court held that that is not reviewable. Or the party could file a motion to reopen with new evidence attached, which would be reviewable. And what the Court said was that in determining whether the court of appeals had jurisdiction over the petition for review, it didn't need to focus on how the agency characterized its order. It could focus on whether that order was reviewable. So in this case, Petitioner acknowledges that if equitable tolling is unavailable, his motion to reopen was untimely. If he filed 115 days, his only argument in favor of timeliness is equitable tolling. Sotomayor? Sotomayor? I'm a little concerned because we do have to, on some levels, address the question of whether a sua sponte decision not to reopen is reviewable. I think as a general matter, one could say that, given the vast discretion that the BIA gets in denying, that one should basically defer to their decisions in sua sponte reopenings. But occasionally they do it not as an exercise of discretion, but as an erroneous interpretation of law. And there's plenty of standards to correct in that. And so even for me, in sua sponte openings, and I do understand I'm probably on a losing slope, and I think that's what the Board is basically saying, it's a matter of deciding whether there was ineffective assistance of counsel. And we have a right, and this is the standard we're going to set. Lozada sets the standard that we're going to look at. And for that reason, there is equitable tolling. That's basically all they're saying, in my judgment. Your Honor, we disagree that Lozada sets the standard for ineffective assistance of counsel. We believe that Lozada sets the standard for how an ineffective assistance of counsel claim must be raised. You're right. But here they basically said, you didn't have due diligence, I believe, and so you failed the prerequisites. Your Honor, we would disagree that in this case the Board actually construed Petitioner as asking for equitable tolling. And there's a reason for that, which is that Petitioner did not ask for equitable tolling before the Board of Immigration Appeals. His initial motion to reopen does not acknowledge its untimeliness. It says nothing about untimeliness at all. He mentions in his reply in support of the motion to reopen that it is not untimely if there are exceptional circumstances. You will not find the phrase equitable tolling in any of the papers that Petitioner filed with the Board of Immigration Appeals. Ginsburg. Who is he represented by at that stage? This is a case involving ineffective assistance of counsel. When he brought the at what stage was the accompanying counsel? Justice Ginsburg, my understanding is that Petitioner's current theory is that he was represented by competent counsel when he retained new counsel after the Board's initial denial of his appeal. That was October 10th, 19 days after the Board's decision. You'll see. Breyer. What we have here is a question that we agreed to review. The question is whether the Fifth Circuit Court of Appeals erred in this case in holding it has no jurisdiction to review Petitioner's request that the Board equitably toll the 90-day deadline on his motion to reopen as a result of ineffective assistance of counsel. We granted a review on that. As far as what the Fifth Circuit said, among other things it says, it lacks jurisdiction to review the BIA's denial of MATA's untimely motion to reopen, and so it need not address the merits. Now, it said other things, too, which tend to support you as going on this other ground, but it did say that. And in red, at least somewhat possibly, you could say he did ask the Board to equitably toll his motion and the Board said, no, we won't equitably do that because it's not going to make any difference, basically, you weren't really prejudiced. Okay. Given all that, why should we decide a different question? Why don't we decide the question that we said we would decide? And if we're going to decide the question we said we would decide, I would think the answer is pretty clear. They did have jurisdiction to review it. They can review it and say the Board was right because they have a lot of discretion here, et cetera, or whatever reason, or because there is no equitable tolling, whatever they want to say. I wouldn't guess that. But I've never heard of any precedent that would suggest that, I can't think of one, that would suggest that when an agency does something like this, request equitably to toll, denied. Appeal, that a court of appeals wouldn't consider whether they're right or wrong. I mean, what, if we get to that question, is there any case? No, because I thought normally courts of appeals do review that kind of question. You may have a weak argument, but then they'll review it. They'll say no. Fisherman. Justice Breyer, we understand what the Fifth Circuit did here. The Fifth Circuit has already established in its jurisprudence that equitable tolling is unavailable for statutory motions. I know Petitioner now takes a different view. I point you to Petitioner's arguments before the court of appeals in his reply brief on page 8, where he asked the court of appeals to reexamine its holding in Romo-Spinia that motions to reopen are not subject to equitable tolling. So at least before the court of appeals, Petitioner saw the Fifth Circuit's jurisprudence the same way that we do. Now, because in the Fifth Circuit equitable tolling of the 90-day deadline is unavailable, the Board of Immigration Appeals could have granted relief only by exercising its sua sponde authority to reopen. That is the only basis on which the Board of Immigration Appeals could have reopened in this case. Therefore, the Board of Immigration Appeals' decision whether or not to reopen is a decision that is committed to agency discretion by law. Roberts. Roberts. But normally it's a circuit precedent. Establishing a particular rule on the merits doesn't operate as a bar to jurisdiction. I mean, they may give you a very short order citing the decision that controls the precedent in the particular case, but they certainly have jurisdiction in reviewing. For example, let's suppose you've got an argument that you want to overturn the precedent. They would have jurisdiction to do that. Mr. Chief Justice, we think the difference here is that the deadline isn't simply a question of whether the Board was right or wrong in denying the statutory motion to reopen. We see the timeliness as the key distinction between whether the Board's discretion was unfettered on reopening or fettered on reopening. And so the first question, as we see it, that is how we distinguish orders denying statutory motions to reopen from orders denying motions to reopen sua sponde. And so the first question we would say that a court of appeals would need to address is whether the alien's motion to reopen before the Board of Immigration Appeals was timely. If that motion was untimely, then it rested solely in the Board's discretion whether to grant or deny reopening. And for that reason, under Heckler v. Cheney, under Brotherhood of Locomotive Engineers, the Fifth Circuit properly dismissed for lack of jurisdiction. Kagan. Do you deny that the plaintiff here, the Petitioner, thought he was asking for equitable tolling? I guess this is very similar to the Chief Justice's question. It seems to me if somebody comes in and he says, I'm entitled to equitable tolling, and the court thinks, no, you're not, equitable tolling is unavailable, then what the court should do is something like this. It should first say, sorry, equitable tolling is not available. Now, is there a different way we can construe your petition? Oh, maybe there is. We can construe it as a sua sponde decision. Now, in the end, that's going to lead you to the same result, because we don't have jurisdiction over that, but that that's the proper order of things. You know, first we'll say, oh, sorry, you lose, equitable tolling is unavailable. And then we'll do whatever construing we can do to see if there are any alternative avenues, and then we decide they're not. Justice Kagan, we believe that's what the Fifth Circuit did, albeit implicitly. I point to page 3 of the Petition Appendix. We lack jurisdiction to review the BIA's denial of MATA's untimely motion to reopen. Kagan. No, but there's a, there's, there is something, and this is what the Chief Justice was saying, too. There's something that the Court does have jurisdiction over, and it's the question of whether equitable tolling was available. That's a merits question. I have jurisdiction over whether equitable tolling is available. I say it's not or I say it is, doesn't matter. I have jurisdiction over that question either way. The court of appeals certainly always has jurisdiction to determine whether it has jurisdiction. So on the way to a jurisdictional ruling. It's not determining whether it has jurisdiction. Whether equitable tolling is available or is unavailable is not itself a jurisdictional question. That's a merits question. And then when you decide that it's unavailable, you can say, okay, is there another way to construe the thing? And that ends, that lands you in a jurisdictional question as to whether you have jurisdiction over sua sponte decisions. Justice Kagan, as we've tried to suggest it, the timeliness is related to the jurisdiction, because the timeliness of the motion to reopen tells you whether the Board's order denying reopening is an order that was solely in the Board's discretion or not. Ginsburg-Miller Well, it's really, you're taking a merits first. You decide the merits, and then we say then there's no jurisdiction. This is, this is whatever the rule is, is it, as you recognize, is a claim-processing rule. That rule needs to be interpreted, whether it has any give. But it's, it's, it's, there's jurisdiction to decide that question. I think you, you agree that there is jurisdiction in the Fifth Circuit to decide whether or not this 90-day limit can be equitably told. Fisherman Your Honor, yes, Justice Ginsburg, we do agree the Fifth Circuit can decide that, has decided it, and as a result of deciding that, did properly reach the judgment it reached in this case. Kagan There's a little bit of a problem with the way the Fifth Circuit is going about this thing, because what the Fifth Circuit has done is to say that equitable tolling is unavailable, and the only time it ever uttered those words is in an unpublished opinion. And in all the published opinions, it's just said, you know, we're construing this as something else, and we have no jurisdiction over that. And what that effectively has done is to insulate from our review the determination that the Fifth Circuit has made, if the Fifth Circuit has made it, that equitable tolling is unavailable. Roberts Justice Scalia, when Ramos-Bonilla adopted these Kagan He's definitely Justice Scalia. Roberts I'm very sorry. Kagan And we're not often confused. Scalia It's a good question, though. Roberts Thank you. When the Fifth Circuit in Ramos-Bonilla adopted the second half of the construal rule from Lynn v. Mukasey, we think the Fifth Circuit necessarily adopted the premise for that construal rule as well. So when the Fifth Circuit quotes Lynn v. Mukasey for the proposition that an argument should have exercised its discretion to reopen sua sponte, we think Ramos-Bonilla necessarily adopted Lynn's premise of that, that equitable tolling is not a basis for filing an untimely or numerically barred motion. Breyer The problem that I actually have, I guess, at your reaction, is if we don't follow what I think is the fairly simple thing of the question presented, you announce two things that I think there's a huge argument about. One is whether there is court review of the sua sponte thing, because as you probably know, there's been a long argument for 40 years about the meaning of that first part of the APA, and Davis or somebody says, well, when they say there is no court review, when you commit a matter to discretion to the agency by law, of course there isn't. They're acting lawfully. But you can still get review of whether they acted as an abuse of that discretion. Of course. And I think you can. But I understand there are different points on that. Do we really want to open up that big question? And as far as the other question you want us to open up about whether this is statutorily forbidden, you see, whether equitable tolling is forbidden here, again, there are two views. Lots of the circuits think, no, it isn't, and moreover, the SG thinks that, and moreover, they're having a rulemaking on that in a year or so that could encompass that, but it's secret. But nonetheless, nonetheless, nonetheless, it might. And so we're getting into what's actually, I think, a tough question. And maybe it's cowardly. I'm thinking, why go into those two tough questions when, in fact, we asked for the answer to a simple question? You have written a very good brief, and I understand what you're doing, but I still am sort of stuck on this, which I'll put to you. Well, thank you, Justice Breyer. I know it's the end of the term and I'm asking you to complicate the case. But let me point out, though, that the Solicitor General might agree that equitable tolling is available, but agrees with us that every court of appeals other than the Fifth Circuit to have addressed the availability of equitable tolling has gotten its analysis wrong. The Solicitor General agrees with us that the presumption of equitable tolling is inapplicable to these sorts of statutes. Every court of appeals to have reached this, as the Petitioner does, reaches the result that equitable tolling is available through the presumption of equitable tolling. Now, the Solicitor General suggests that the administrative rulemaking might provide a solution to this. Well, in at least two circuits, and likely more, that's been foreclosed. If you look at the Second Circuit's decision in Iovorsky, the Ninth Circuit's decision in Sokup-Gonzalez, both of them note that the Board of Immigration Appeals' position is that equitable tolling is unavailable. Both of them conclude that the statute unambiguously requires equitable tolling and reject deference to the agency. So to the extent that you have administrative rulemaking here, as best I can understand, the Fifth Circuit is the only circuit that would actually be able to even potentially give effect to it. And sorry, I'm totally confused. I think what the agency is saying, at least in this situation, is there's no explicit command in the statute about equitable tolling. There is a time limit in the statute, but can it be told or not, there's no explicit command in the statute it can't. And so as a matter of procedure, which generally we give a huge amount of deference to the agency, it has, I'll bet it's unpublished opinions, followed a practice of considering it in motions to reopen. And from that practice, they're telling us there is, because the agency has determined that with respect to IAC claims, that they will do it. I don't actually see that much problem with the problem, but I do agree with Justice Breyer that we don't need to get to that question here, because we really don't know whether that's the view of the Fifth Circuit or not. And if they find it or if they say it doesn't exist, I want to consider their reasons. That's what we usually do. But they haven't really given us reasons, other than to say the statute requires it, but I don't see why. Justice Sotomayor, with respect to the Fifth Circuit, I believe, I would hope that we've supplied the reasoning for why the Fifth Circuit's decision on equitable tolling is correct. With respect to the agency determinations, the Board of Immigration Appeals, with rare exceptions, and there's no suggestion that this case is one, will follow the authority of the circuit in which it sits. So you can certainly find numerous unpublished Board of Immigration Appeals decisions applying equitable tolling to the statutory deadline, but they do so primarily because they are following the circuit authority. The government agrees with us that the Board of Immigration Appeals has not independently interpreted the statute in a way that would receive Chevron deference to require equitable tolling. So right now, I don't believe the Board has taken an official position, except for in the government's brief, that equitable tolling of the statutory deadline is available. Ginsburg-Miller The odd thing is saying that the Fifth Circuit was right in saying we so we're going to give the Petitioner another chance, we'll consider it under sua sponte. But the Board said twice that its power to reopen on its own motion is not meant as a cure for filing defects or otherwise circumvent the regulation. So I think what they're saying is if there's a flaw, if the 90 days can't be stretched, then we shouldn't reach that same conclusion by saying, oh, but we can do this sua sponte. They seem to be saying their exercise of their sua sponte authority is control by do we have a rule that says 90 days and no more? If we do have such a rule, we shouldn't be exercising authority sua sponte to get around that. That's in the Petition Appendix at both 5 and 9, when they said we shouldn't use our power to reopen on our own motion that way to get around what is a rule. Yes, Justice Ginsburg, we do think the Board of Immigration Appeals certainly uses its sua sponte authority to reopen sparingly and respectfully of the statutory deadlines. As we see here, the problem is giving effect to a deadline that Congress set. Congress certainly meant something when it required these motions to reopen to be filed within 90 days. And that means that the Board's decision whether to reopen sua sponte, in order to exist alongside and not simply swallow that statutory deadline, needs to be in some way different in kind. And we think the way that it's different is that when the Board is reopening sua sponte, when it's considering reopening on its own motion, that's a decision that is wholly in the Board's discretion and that is unreviewable in the courts under Heckler v. Chang. And so when an alien properly invokes the statutory authority for reopening, the ability to reopen within the 90 days that we all agree under Kucana is reviewable. It's, of course, reviewable. When the alien misses that statutory window, when he asks the Board to reopen after the 90-day period is done, the Board's decision whether or not to grant or reopen is wholly in the Board's discretion. So when an alien asks the Board to reopen, and I think this case is the best example, when you look at the request for reopening, you don't see please reopen using your sua sponte authority to reopen, you simply see, Board of Immigration Appeals, please reopen my case. The way you determine what the true nature of the Board's authority is for the decision that it's denying is whether that motion was filed within the statutory time limit or without. So if the court of appeals looks at it and determines the alien asked for reopening after the end of the statutory deadline, the answer there is that the Board's decision, its order that says we deny reopening, is wholly within the discretion of the Board and is unreviewable under Heckler v. Chain. Scalia. So you say the Fifth Circuit did not implicitly hold that there was no review of the statutory deadline period? As we understand. Because you think the Fifth Circuit read the Board's decision since it came after the 90 days to be a sua sponte decision and hence nonreviewable. But that's not consistent with their earlier decisions, which said we're going to interpret it this way because we have no jurisdiction to do it if you interpret it the other way. I mean, they didn't say that. If it's after the 90 days, the Board should consider it to be an appeal to its sua sponte authority. They said since we believe that there's no extension of the 90-day period under the statute, in order to help the Petitioner, we're going to interpret it as a request for review of the sua sponte authority. Isn't that what they said? Yes, Your Honor, but we see the two as essentially indistinguishable. Because the Petitioner's request came after the expiration of the 90-day period, it could have been granted only through the Board's exercise of its sua sponte authority. And a decision whether to grant or deny the Board's exercise of its sua sponte, in our view, is unreviewable. Let me point out one possible concern in writing an opinion here, and that's the habeas context. As the Court's aware, prisoners can be quite creative in attempting to circumvent the bar on second or successive petitions under 2254 and 2255, and will frequently file motions captioned under 2241 or possibly obscure common law writs, seeking relief that's properly available under 2254 or 2255. In those circumstances, the district courts will properly look at the merits of Petitioner's request, determine that it is a request that could truly be granted only under 2255 or 2241 or 2255, and whatever caption the prisoner has placed on it will enforce AEDPA's jurisdictional bar. And finally, with respect to the merits of equitable tolling, we would simply note that, in our view, Justice Ginsburg, I believe, the Fifth Circuit has already determined that Petitioner's motion to reopen was untimely. And in the event that the Court remands to the Fifth Circuit without addressing anything other than the jurisdictional question, the inevitable result in the Fifth Circuit would simply be to deny on the merits, which is a result that would not lead to any greater benefit for Petitioner. If there are no further questions. Roberts. Thank you, counsel. Mr. Fleming, you have 4 minutes remaining. Thank you, Mr. Chief Justice. I would simply clarify the issue raised, I think, first by Justice Kagan, but then by others, as to whether there was any confusion in either the Board or the Fifth Circuit as to what relief my client was seeking. In the Board decision on page 7 of the Petition Appendix, the Board makes clear that it understands that Mr. Mata was seeking tolling. It says, In bringing this untimely motion to reopen, the Respondent claims ineffective assistance of counsel. It's in a description of matter of Lozada. And then the Board says, And the time for filing a motion to reopen may be tolled in cases of ineffectiveness of counsel. The alien must show that he was prejudiced by counsel's performance. And then the analysis of this particular case continues. And in the Fifth Circuit, the panel opinion says, when it is summarizing the decision or the proceedings below, and this is on page 2 of the Petition Appendix, Mata subsequently filed an untimely motion to reopen his removal proceedings, based on a claim of ineffective assistance of counsel, and asking the BIA to equitably toll the applicable filing period or exercise its authority to reopen his proceedings sua sponte. The Fifth Circuit knew exactly what was going on. There was a request for statutory tolling or sua sponte reopening. So I don't mean to be ingenerous to the circuit at all. I think they got this exactly right. They understood the nature of the relief requested. Where they went wrong is they believed they lacked jurisdiction over the first request, and that everything had to fall into the second request where they believed they also lacked jurisdiction, and so they dismissed the entire petition. That error is the one that should be used.  I disagree with Mr. Petersen that if we were simply to say, Fifth Circuit, you have jurisdiction to decide this issue of equitable tolling, that then the one thing done so far, the likelihood is that they will say, fine, we have jurisdiction, there is no equitable tolling. I do disagree, because I don't think that's a foregone conclusion. I think there is every likelihood that the Fifth Circuit, once freed from its erroneous view that it is bound by panel precedent or by some other principle to not exercise appellate jurisdiction, will then look at the reasoning that other courts of appeals, every other court of appeals to have addressed this, have applied, and conclude that there is, in fact, equitable tolling. Will they review Mr. Mata's appeal on the merits and necessarily rule in his favor? I think they should, and those are the arguments we will press on the merits. But I don't think that it's our burden to show ultimate victory on every issue in order to show that the Fifth Circuit misconstrued its jurisdiction. Ginsburg. What of the argument that the presumption of equitable tolling applies to statutes of limitations, but not for procedural time limits like this? Our position, Justice Ginsburg, as laid out in our reply brief, is that this is a statute of limitations. It serves the policies that this Court recognized in Young that are advanced by a statute of limitations, namely the advancing of repose. It will ensure in most cases that after 90 days the BIA's order of removal will be final. And it does also encourage the bringing of timely prompt motion to reopen claims so that they are not lagging on for a long time, and that was Congress's intent. None of that is inconsistent with tolling. This Court has said repeatedly in cases like Bowen and Holland that when you have a situation like extreme misconduct by counsel, where there is an extraordinary hurdle that diligence will not get you over, it is consistent with the principle of tolling of statute of limitations to allow tolling to proceed, and we submit that this is not a situation where the presumption is actually rebutted or does not apply. I'd say a word about the agency context, because it is something that has been brought up on both sides. I apologize. I will not say that. We would respectfully submit that the judgment should be reversed and the case remanded. Roberts. Roberts. Roberts. Mr. Peterson, this Court appointed you to brief and argue this case as an amicus curiae in support of the judgment below. You have ably discharged that responsibility, for which we are grateful. The case is submitted.